NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2008[*]
Decided March 28, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2789

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-093 |
| MARTEZ D. FORD, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

After serving as the deliveryman in three sales of crack cocaine, Martez Ford was charged with three counts of distribution. *See* 21 U.S.C. § 841(a)(1). In exchange for his plea of guilty to one of those counts, the government promised to recommend that Ford receive a reduction in offense level for acceptance of responsibility unless he engaged in future

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

misconduct.  *See* U.S.S.G. § 3E1.1.  At sentencing the district court noted that Ford, who was detained, had incurred seven misconduct reports since pleading guilty.  The court suggested that these reports were enough to free the government from recommending acceptance points, but the government made the recommendation anyway with the caveat that Ford's misconduct warranted a sentence at the top of the guidelines range.  The district court rejected that recommendation because it concluded that Ford's misconduct was inconsistent with a finding that he had accepted responsibility.  *See id.* § 3E1.1., cmt. 1(b).  The court assigned a base offense level of 26 based on the 12.4 grams of crack cocaine involved in the three drug buys.  *See id.* § 2D1.1(c)(7) (2006).  That offense level, combined with Ford's criminal history category of III, yielded a guidelines imprisonment range of 78 to 97 months.  Ford argued for a reduced sentence based on the greater sentences for crimes involving crack versus powder cocaine, but the district court responded that it was not free to ignore the guidelines.  The court then imposed a sentence of 88 months.

On appeal Ford first argues that he should have been allowed to withdraw his guilty plea when the district judge refused to award him a reduction for acceptance of responsibility.  As Ford accurately reports, the district court told him during the plea colloquy that he would be able to withdraw the plea if the court did not "follow the terms of the plea agreement."  Ford argues that the district court reneged on this promise when it did not invite him to withdraw his plea after rejecting the government's recommendation for acceptance points.  But rejecting a recommendation that the government made under the terms of the plea agreement is not the same as rejecting "the terms" of the agreement.  "Our case law has clearly established that a district court is not required to follow the government's sentencing recommendations."  *United States v. Marty*, 450 F.3d 687, 691 (7th Cir. 2006).  In fact, during the plea colloquy the court explained to Ford that the government's recommendations did not bind it; they were merely "recommendations that the Court can reject without permitting [Ford] to withdraw" his plea, and that is exactly what the court did.  Ford points out that the court all but told the government that it could decline to recommend a § 3E1.1 reduction due to his misconduct, but we do not understand Ford's contention that doing so was equivalent to rejecting the plea agreement.  Ford concedes, as he must, that the district court was justified in finding that he did not accept responsibility, so he must also concede that the government would have been justified in withholding its recommendation.  All the district court did, then, was state the obvious.

Ford's second argument on appeal, that he deserves a remand because the district court believed it was not free to impose a reduced sentence based on a policy disagreement with the crack-to-powder ratio, is much better than the first.  The government concedes that Ford preserved this argument by objecting at sentencing and is entitled to a remand for resentencing in light of *Kimbrough v. United States*, 128 S.Ct. 558 (2007).  The district court thought itself bound by the ratio, but after *Kimbrough*, even in a "mine-run case," district

courts may impose lower sentences based on a determination that the ratio produces a sentence greater than necessary for a particular defendant. *Id.* at 575. Accordingly, we REMAND for resentencing in light of *Kimbrough*. We note that under the new guidelines that will apply at Ford's resentencing, *see United States v. Demaree,* 459 F.3d 791 (7th Cir. 2006), his 12.4 grams of crack cocaine now translate into a lower base offense level. Instead of 26, Ford's base offense level at a new sentencing hearing should be 24, U.S.S.G. § 2D1.1(c)(8) (2007), which yields a guidelines range of 63 to 78 months.